On Petition for Rehearing
THORNAL, Justice.
Petitioners seek rehearing of a prior order of this Court denying a rule nisi in prohibition.
The point now at hand is whether the respondent Johnson is entitled to an allowance of a fee for his attorney for services rendered in connection with the prohibition proceeding.
Johnson as an employee obtained an order from a deputy commissioner of the Florida Industrial Commission awarding compensation for injuries resulting from an industrial accident. Subsequently Johnson proceeded in the Circuit Court under Section 440.24, Florida Statutes, F.S.A., to obtain a rule nisi directing the petitioner insurance ■ carrier to show cause why the amount of the award should not be paid. Thereafter, petitioner filed in this Court an original proceeding in prohibition suggesting the issuance of such a writ to prohibit the Circuit Judge and other respondents from proceeding under Section 440.24, Florida Statutes, F.S.A., supra. We denied the writ. We simultaneously granted the motion of the respondent Johnson for allowance of a reasonable fee for the services of his attorney in opposition to the writ. By petition for rehearing the petitioner suggests that no such attorney’s fee was allowable but, if so, the amount allowed was excessive.
Petitioner refers us to Section 440.34(1), which reads as follows:
“(1) If the employer or carrier shall file notice of controversy as provided in § 440.20 of this chapter, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise *225 resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, to be approved by the commission which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney’s fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct.” (Emphasis Petitioners’)
We think the petitioner has merit to the point which it makes on rehearing.
In the original consideration of this matter we leaned to the view that the filing of the suggestion for prohibition, coupled with the denial thereof, constituted an unsuccessful resistance of payment within the contemplation of the statute last quoted. However, a more careful analysis of the statute reveals that the provision which influenced our judgment clearly has reference to the unsuccess ful resistance to payment in a proceeding before the Commission. This is so because it is further provided that the award of an attorney fee must be approved by the Commission.
A further analysis of the statute suggests that a fee will be allowed in any proceedings “had for review of any claim.” The prohibition proceeding here was original and not appellate. It was a separate independent judicial proceeding instituted here by the petitioner to test the jurisdiction of the circuit judge to entertain the proceeding pending before him. It was in no sense a proceeding for review of any claim, award or compensation order.
The Florida Workmen’s Compensation Act is one of the most liberal in the provision of attorneys’ fees for professional services rendered to claimants. Volume 2, Larson, Workmen’s Compensation Law, Section 83.10 et seq. However, even the Florida Statute makes no provision for the recovery of attorneys’ fees in independent, collateral proceedings such as the one before us despite the fact that it might relate to a Workmen’s Compensation matter.
In sum we must conclude that we are bound by the established rule that ordinarily attorneys’ fees will not be awarded to a successful party unless the recovery of the fee is authorized by statute or is grounded in a contract. We are not confronted by any question regarding the power of the circuit judge to award a fee in the enforcement proceeding if request therefor should be made by the employee-claimant.
The petition for rehearing is granted and upon consideration of the matter on rehearing we now recede from our former order awarding a fee for the services of the attorney for the respondent Johnson in the instant matter. We otherwise adhere to our original disposition of the matter.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.